UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE,<br><br>       Plaintiff,<br><br>  -against-<br><br>LINDSAY COOK, et al.,<br><br>       Defendants. | 23-CV-10362 (LJL)<br><br>ORDER TO AMEND |

LEWIS J. LIMAN, United States District Judge:

  Plaintiff brings this action *pro se*.[1] Plaintiff invokes the Court's federal question and diversity jurisdiction, 28 U.S.C. §§ 1331, 1332, and seeks leave to proceed under seal in this action. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order. Public access to Plaintiff's complaint is restricted, and the Court defers resolution of Plaintiff's motion to proceed under seal and to use the pseudonym "John Doe" until after filing of an amended complaint.

## STANDARD OF REVIEW

  The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v.*

---

[1] Plaintiff paid the filing fees for this action.

*County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff alleges the following information. On January 20, 2002, in the Greenwich Village neighborhood of Manhattan, Lindsay Cook rang Plaintiff's doorbell late at night and explained that she had nowhere to stay. Plaintiff allowed Cook to stay in the guest room, but later that evening, Cook sexually assaulted Plaintiff, ignoring Plaintiff's requests that she stop. On February 2, 2002, Cook cut her wrists in Plaintiff's bathroom, then scratched Plaintiff's face; police eventually were called and Cook falsely told police officers that Plaintiff had guns. Cook continued a "pattern of violence, assault, and false complaints, in concert with her acquaintances." Dkt. No. 1 at 7. Plaintiff indicates that these events will be "detailed in future filings." *Id.*

Plaintiff sues Cook and numerous individuals as to whom there are no factual allegations, including Margaret Laureys, Diana Mari, Lydia McFarland, Carolyn Thomas, Anneke Westberg, "Jay" (also known as Jalal Ismaili-Idrissi), Aziz Beladel (also known as David Cohen), John/Jane Does 1-10, and unidentified entities 1-10.

## DISCUSSION

The subject matter jurisdiction of federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[A]ny

party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A.  **Federal Question Jurisdiction**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007).

Merely invoking federal jurisdiction, without pleading any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). Thus, "a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Id.* at 1188 (citing *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)).

Here, Plaintiff asserts a claim under state law against Defendant Lindsay Cook based on her alleged conduct in 2002, and contends that the extended limitations period in New York's Adult Survivors Act applies to such claim. Plaintiff also states, without further explanation, that

his suit relies on "human rights violations, human trafficking, torture" and "federal civil rights statutes violations." (ECF 1 at 3.) It is unclear against whom such claims are asserted or what facts support such claims. Plaintiff does not identify any of the named defendants as a government actor, and it is not apparent on which federal civil statute or statutes he seeks to rely. At this stage, Plaintiff thus fails to satisfy his burden of showing that the Court has federal question jurisdiction of this matter.

**B.      Diversity Jurisdiction**

Plaintiff also invokes the Court's diversity jurisdiction. To establish jurisdiction under 28 U.S.C. § 1332, diversity of citizenship must be complete. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). "[N]o plaintiff and no defendant [may be] citizens of the same State." *Id.* An individual's citizenship, for purposes of diversity jurisdiction, depends on the State where he or she is domiciled. *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (defining domicile as the place where a person "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning."). An individual may have multiple residences, but "[a]t any given time, a person has but one domicile." *Id.* at 42. A plaintiff must also allege to a "reasonable probability" that the claim is in excess of $75,000, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006). The plaintiff bears the burden of establishing that diversity jurisdiction existed at the time the action was commenced. *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998).

Here, Plaintiff does not satisfy his burden of showing that the Court has diversity jurisdiction of this action. First, Plaintiff does not adequately plead the citizenship of the parties. Plaintiff's form complaint asks him to identify the plaintiff and the citizenship of the plaintiff and the defendant and the citizenship of the defendant. Plaintiff has listed only the apparent defendants in the place on the form for the "plaintiff" and has listed their states of citizenship or

residence as Texas, New Jersey, Florida, Connecticut, Morocco, Ireland, the United Kingdom, Albania, Croatia, and Sweden. He lists Cook as the defendant and her state of citizenship as Texas. Dkt. No. 1 at 3. It is unclear from the complaint whether Plaintiff is a United States Citizen or whether he is also a foreign national, who is either a legal permanent resident in the United States or holds some other status. Diversity jurisdiction will not lie in a suit between foreign nationals. *See Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 127 (2d Cir. 2020) ("[F]ederal courts do not have diversity jurisdiction over lawsuits between two foreign parties."). It is also unclear whether, if Plaintiff is a resident of the United States, there is still complete diversity between Plaintiff and each Defendant.[2] Second, Plaintiff does not allege that the amount in controversy exceeds $75,000, the jurisdictional minimum. Plaintiff thus fails to plead facts showing that the Court has diversity jurisdiction of this matter.

C.     **Leave to Amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Moreover, a district court should allow a *pro se* plaintiff an opportunity to amend a complaint in order "to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." *Jaser v. N.Y. Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987).

Plaintiff may be able to amend his complaint to show that the court has subject matter jurisdiction of this action. To invoke diversity jurisdiction, Plaintiff must plead facts regarding

---

[2] Plaintiff provides an address for himself in New Jersey and an address for Defendant Cook at a post office box in Texas. It therefore may be that these two parties are domiciled in, and citizens of, different States.

the domicile of each party named in the amended complaint, and whether he and defendants are U.S. citizens. Plaintiff must also allege that the amount in controversy exceeds $75,000, the jurisdictional minimum for diversity actions. If Plaintiff invokes federal question jurisdiction in his amended complaint, he should allege facts showing how each defendant was personally involved in violating his federal rights and, if possible, identify the federal statute at issue.

In addition to pleading facts sufficient to establish subject matter jurisdiction in federal court, in the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.  Plaintiff will have sixty days from the date of this Order or, more precisely, to March 18, 2024, to file an amended complaint.

Plaintiff may wish to consider contacting the New York Legal Assistance Group (NYLAG), which maintains a free Clinic for Pro Se Litigants in the Southern District of New York that is staffed by attorneys and paralegals to assist those who are representing themselves in

civil lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the court. It cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit. A flyer with details of the clinic is attached to this order.

### D.      Limiting Public Access

Plaintiff asks to proceed "under seal" and lists his name as "John Doe" in the complaint. The Court therefore addresses this issue as both a motion to proceed under seal and a request to proceed anonymously.

#### 1.      Motion to Seal

The common law right of public access to judicial documents "is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Lugosch v. Pyramid Cnty. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Public monitoring "is not possible without access to testimony and documents that are used in the performance of" the judicial function of the federal courts. *Id.*; *United States v. Erie Cnty*, 763 F.3d 235, 238-39 (2d Cir. 2014) ("The notion that the public should have access to the proceedings and documents of courts is integral to our system of government.").

The Second Circuit has set forth a three-part analysis for determining whether a document relating to a lawsuit should be made available to the public. *Lugosch*, 435 F.3d at 119-120. First, the court must determine whether the document is indeed a "judicial document" to which the public has a presumptive right of access. *Id.* at 119. The fact that a document has been filed "is insufficient to render that paper a judicial document subject to the right of public access." *Id.* Instead, to qualify as such, the document must be "relevant to the performance of the judicial function and useful in the judicial process." *Id.* (citation omitted).

Second, "[o]nce the court has determined that the documents are judicial documents and that therefore a common law presumption of access attaches, it must determine the weight of that

presumption." *Id.* The weight to be given the presumption of access depends on "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. *Id.* (citing *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "Generally, the [material] will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.*

Finally, "the court must balance competing considerations against [the presumption of access]." *Id*. at 120 (internal quotation marks and citation omitted). "Such countervailing factors include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" *Id.* (citation omitted). When weighing privacy interests, courts should consider "the degree to which the subject matter is traditionally considered private rather than public." *Amodeo II*, 71 F.3d at 1051. "[T]he burden of demonstrating that a document submitted to a court should be sealed [normally] rests on the party seeking such an action." *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). If Plaintiff chooses to file an amended complaint, and wishes to have it sealed, the amended complaint will qualify as a judicial document, and he must include information demonstrating that these standards are satisfied.

2. Motion to Proceed Anonymously

The Court also addresses Plaintiff's attempt to proceed as "John Doe." The requirement in Rule 10 of the Federal Rules of Civil Procedure to include the names of all parties "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008); Fed. R. Civ. P. 10(a) ("The title of [a] complaint must name all the parties."). "[P]seudonyms are the exception and not the rule," and the party seeking anonymity "must make a case rebutting" the

8

"presumption of disclosure." *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020) (per curiam). Because concealing a party's name "violates the public's right to access judicial proceedings," leave to proceed anonymously "is typically reserved for particularly sensitive cases." *S.D. v. Decker*, 2022 WL 1239589, at *1 (S.D.N.Y. Apr. 27, 2022); *Doe 1 v. Branca USA, Inc.*, 2022 WL 2713543, at *2 (S.D.N.Y. July 13, 2022) ("A claim by an adult plaintiff to have been the victim of sexual abuse and to have suffered physical or psychological damage as a result . . . is not enough to entitle a plaintiff to proceed anonymously.").

The Second Circuit has set forth a balancing test that weighs "the plaintiff's interest in anonymity" against both "the public interest in disclosure" and "any prejudice to the defendant" to determine whether the plaintiff should be permitted to proceed under a fictitious name. *Sealed Plaintiff*, 537 F.3d at 188. District courts consider the following non-exhaustive list of factors:

> (1) whether the litigation involves matters that are "highly sensitive and [of a] personal nature," (2) "whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties," (3) whether identification presents other harms and the likely severity of those harms, including whether "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity," (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age, (5) whether the suit is challenging the actions of the government or that of private parties, (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court, (7) whether the plaintiff's identity has thus far been kept confidential, (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity, (9) "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities," and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (internal citations omitted, alterations in original). If Plaintiff wishes to proceed as "John Doe" in his amended complaint, he must show that these standards are satisfied by including such information, either in the amended complaint or a separate application.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit **by no later than March 18, 2024**, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-10362 (LJL).[3] An Amended Complaint form and a flyer for the NYLAG clinic are attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed without prejudice for lack of subject matter jurisdiction.

Plaintiff may agree to accept service of documents in this case by email, instead of regular postal mail, by completing the attached form, Consent to Electronic Service. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 16, 2023
         New York, New York

LEWIS J. LIMAN
United States District Judge

---

[3] Documents can also be submitted by email to Pro_Se_Filing@nysd.uscourts.gov, in accordance with the SDNY Electronic Case Filing (ECF) Rules & Instructions.