# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-


_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

## COMPLAINT

Do you want a jury trial?
☐ Yes     ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____, is a citizen of the State of
                        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial          Last Name

_____

Street Address

_____

County, City                              State                    Zip Code

_____

Telephone Number                          Email Address (if available)

**B.   Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                    Zip Code

Defendant 2: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                    Zip Code

Defendant 3: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                    Zip Code

Defendant 4:

_____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

*/s/ John Doe*

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7

**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____


_____
Name (Last, First, MI)

_____
Address          City          State          Zip Code

_____
Telephone Number          E-mail Address
                                            /s/ John Doe
_____
Date          Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007

John Doe v. Lindsay Cook, et al., 1:23-cv-10362-LJL

**AMENDED COMPLAINT**

**STATEMENT OF FACTS**

1. On or about January 26, 2002, I met Lindsay Cook for the first time when she came to my house at 178 Second Avenue, ▌ Floor, New York, NY 10003, in the east village of Manhattan.

2. Ms. Cook arrived at my apartment with two recent acquaintances of mine, who were named Carolyn and Aaron. Carolyn told me that Ms. Cook is a model from Austin, Texas, and that Ms. Cook had previously dated and lived with Aaron in Brooklyn.

3. On or about January 27, 2002, after this casual encounter, I woke up in the middle of the night to the sound of the doorbell.

4. I heard Ms. Cook's voice through the intercom. Ms. Cook sounded upset and explained she needed a place to stay for the night to sleep. So, I buzzed her into the building out of respect towards Aaron.

5. I let her in the apartment and let her into the front guest room at the front of the loft.

6. After I showed Ms. Cook into the guest room, I went back to my bedroom which was at the back of the apartment. I then fell asleep.

7. I woke up to Ms. Cook naked on top of me and aggressively engaging in sex acts without my permission. She was shouting sexual demands of what she wanted me to do, and aggressively handling my penis with her hands to excite me as to achieve further intercourse with her while she was bleeding due to her menstrual cycle. She also bit me and scratched my torso with her nails. Ms. Cook also used a Heineken beer bottle to aggressively touch herself while mounting me.

8. I asked her to stop. However, Ms. Cook did not stop in response to my request.

9.  I had to wrestle out of Ms. Cook's grip to get away from her and then went to the bathroom to wash off the blood. Ms. Cook had her period when this sexual assault occurred.

10.  At the time, I did not know how to react and process the sexual assault nor what to make of what Ms. Cook did. So, I let her stay in the guest room that night.

11. On or about January 28, 2002, the following morning, Ms. Lindsay Cook asked me for money to take a taxi to 152 Forsyth Street, NYC where she was staying with her roommate, Ms. Victoria "Vicky" Morrell. I gave her the money because she did not have any on her. I felt it was the right thing to do.

12.  After a few hours passed, Ms. Cook returned to my apartment that same day with two pieces of luggage.

13. Ms. Cook asked if she could stay at my apartment for a while until she figured things out with Vicky.

14. Even though I was stressed out and still completely baffled about Ms. Cook's assault, I felt compelled to let her back in the apartment because she explained she was from Austin, Texas; that she had nowhere to go; and no one to turn to for help. Ms. Cook also explained that her ex-boyfriend Aaron would not let her back in his house because of his new girlfriend. So, I felt compelled to let her stay in the guest room.

15. During her stay, Ms. Cook acted erratic and aggressive. She appeared to always direct her frustrations, anger and hostility towards me for no reason.

16. On 02/02/2002, a mutual acquaintance of ours, Ms. Lydia McFarland, stopped by my apartment at 178 Second Avenue, 2nd Floor at around 7:00 PM.

17. Moments later that evening, while talking to Ms. McFarland on the living room sofa, I observed Ms. Cook go inside the bathroom.

18. When Ms. Cook came out of the bathroom, she charged toward me screaming while showing me cuts on her wrists and a broken Gillette AtraPlus razor blades she had broken in half and used to cut herself.

19. When I saw blood and cuts on her wrists, I took the blades away from Ms. Cook's hand and called an ambulance.

20. Ms. Cook lashed out and physically attacked me and scratched my face and dug into the skin of my back with her nails when I tried to get away from her grip.

21. Ms. Cook then stormed out of the apartment screaming and shouting threats and insults.

22. When I looked outside from the second-floor window of the apartment, I saw Ms. Cook talk to a woman. When I went downstairs to inquire if the ambulance had come, the police rushed toward me asking for guns. One of the officers stated that Ms. Cook told them some crazy things and that they must go inside the house.

23. I explained to the officers that I had just met Ms. Cook through an acquaintance by the name of Aaron a few days ago.

24.  I put the officer on the phone with her ex-boyfriend Aaron to confirm this fact.

25.  Aaron proceeded to explain to the police that Ms. Cook had been recently hospitalized for similar issues and that she has a history of mental illness. The officer verified Aaron's statements, but said they still needed to access the apartment.

26. The police checked every room in the house and interviewed Ms. McFarland separately.

27. The police officer who spoke to Aaron filled out paperwork which she handed to me. The officer directed me to get a restraining order against Ms. Cook.

28. Throughout that evening, I received several phone calls from a nurse and Ms. Cook when she arrived at Lenox Hill Hospital located at East 77 Street in NYC.

29. When I ignored these phone calls, I received other calls from another acquaintance, Diana Kristina Helena Mari, who had introduced me to both Ms. Lydia McFarland and Ms. Carolyn Thomas on or about late summer 2001.

30. Ms. Mari pleaded with me to let Ms. Cook back in the house.  I refused to do so.

31. On or about February 3, 2002, Ms. Mari showed up at my door with Ms. Cook and persuaded me to let Ms. Cook back in the apartment.

32. Under pressure and to avoid another scene, I let Ms. Cook back in the apartment pending Ms. Mari's assurances that she would soon find Ms. Cook an alternate place to move to.

33. This proved to be a mistake because Ms. Cook escalated her attacks and <u>repeatedly</u> threatened a "rude awakening" I would wake up to one day in the future.

34. On or about March 29, 2002, Ms. Cook finally moved back to 152 Forsyth Street with Victoria Morrell. Ms. Cook flew back to Austin, Texas with her mother, Cathryn, in or about July 2002.

35. In the following days after Ms. Cook's January 27 and February 2 assaults, I noticed that all the scratches on my body and face were not healing and inflamed.

36. When I consulted with dermatologists, they ran various blood works and informed me that the scratches and trauma that was inflicted on my skin triggered an autoimmune reaction and that there is no cure.

37. The doctors explained that this condition would need to be controlled with various medications for the rest of my life. I was devastated mentally and physically when I learned this diagnosis.

38. The treatment of this condition consumed a tremendous amount of time and countless doctor's visits since February 2002. The side effects of the medications and treatments were vision, skin, scalp and hair damage, among other crippling medical conditions and anxiety.

39. Since then, I must regularly see dermatologist and other doctors on a frequent basis which effectively became <u>another</u> reminder of the sexual assault, physical and mental abuse inflicted by Ms. Cook.

40. Ms. Cook's sexual assault has also caused me severe mental harm. Thinking about the assault often causes me to experience panic attacks, anxiety and depression as a result of Ms. Cook's assaults.

41. The chaos and wide spectrum of physical and mental injuries inflicted by Ms. Cook are devastating and impacted all aspects of my life for the last 22 years.

42. For these reasons, I request that this Honorable Court award me damages in an amount to be determined at trial, but no less than $462,000, and any further relief that this Court may deem just and proper.

Respectfully submitted,

/s/ ████████████

████████████

Pro Se Plaintiff

████████████████
████████████
████████
████████████

Date: April 4, 2024

Hon. Lewis J. Liman

U.S. District Court

Re: John Doe v. Lindsay Cook, et al., 1:23-cv-10362-LJL


Dear Judge Liman:


      I write to respectfully request to proceed Under Seal since this case involves subject matter (sexual assault) that is traditionally considered sensitive and private.  This case involves interpersonal events between Ms. Cook and me that do not concern the public at large. Further, neither Ms. Cook nor I are public figures, so the public has very little, if any, interest in the outcome of this lawsuit. For these reasons, I believe that the public interest would be protected and would not be harmed by filing this Case Under Seal.


      I also write to ask this Honorable Court to allow me to proceed Anonymously for the following reasons:

1.  There have been many threats of violence made against me in the past relating to this incident. Previously, Ms. Cook acted in concert with her associates which resulted in substantial harm directed at me. For example, on May 28, 2002, I was ambushed and violently attacked by Ms. Cook and her associates, which required several sutures of my upper lip and suffered jaw fractures as well. This was not an isolated event, but one of many. So, I fear that if I do not proceed anonymously there is a real risk that I could be physically and/or mentally harmed further.


2.  There are no government actors involved in this litigation, and it only involves two private parties at this stage of litigation.

3.   The public at large does not have a real interest in this litigation, and therefore it would not be harmed if I proceeded anonymously. This is because the outcome of this case will only affect Ms. Cook and me and will not affect the general public.

4.   Ms. Cook will not be prejudiced if this Court allowed me to proceed anonymously, because whether the public knows my real name will not affect Ms. Cook's ability to defend herself.

I thank the Court in advance for its consideration of these requests to proceed under seal and under John Doe.

Respectfully submitted,

/s/ ████████████

████████████

Pro Se Plaintiff

████████████████
███████████████
██████████
██████████████