UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/21/2025
```

-----------------------------------------------------------------------X
:
JOHN DOE,                                          :
:
     Plaintiff,                :
:
   -v-                                    :
:
LINDSAY COOK,                                       :
:
     Defendant.               :
:
-----------------------------------------------------------------------X

23-cv-10362 (LJL)

MEMORANDUM AND
ORDER

LEWIS J. LIMAN, United States District Judge:

  Plaintiff John Doe ("Plaintiff") has sued Lindsay Cook ("Defendant") under the New York Adult Survivors Act, C.P.L.R. 214-j, alleging a sexual assault which occurred in January 2002. Dkt. No. 7.

  Plaintiff filed his initial complaint on November 23, 2023, Dkt. No. 1, and amended complaint on April 5, 2024, Dkt. No. 7. Both were filed under pseudonym. On October 18, 2024, Plaintiff filed a motion to proceed under pseudonym, *see* Dkt. Nos. 20, 20-1, which the Court now denies for the reasons set out below.

  Federal Rule of Civil Procedure 10(a) requires that the title of a complaint name all the parties to a litigation. Fed. R. Civ. P. 10. This requirement "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–89 (2d Cir. 2008). "[W]hen determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Id.* at 189. "The people have a right to know who is using their courts." *Id.* (internal quotation marks omitted) (quoting *Doe v. Blue Cross & Blue Shield*

*United*, 112 F.3d 869, 872 (7th Cir. 1997)).  The Second Circuit has identified a number of non-exclusive factors that are relevant to whether a plaintiff should be permitted to proceed pseudonymously:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms . . . ; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure . . . ; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (internal citations and quotations omitted and alterations adopted); *see also United States v. Pilcher*, 950 F.3d 39, 42 (2d Cir. 2020).

The court is not required "to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Sealed Plaintiff*, 537 F.3d at 191 n.4.  The court does not simply count the factors and rule in favor of that party for whom the most factors favor.  The presumption is that a plaintiff will disclose his identity.  *See id.* at 189 (noting the "constitutionally-embedded presumption of openness in judicial proceedings").  "[P]seudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption." *Pilcher*, 950 F.3d at 45.

The first factor, whether the litigation involves matters of a sensitive or personal nature, "favors the plaintiff's use of a pseudonym." *Doe v. Combs*, 2025 WL 268515, at *2 (S.D.N.Y.

Jan. 22, 2025).  Plaintiff alleges that he was sexually assaulted by Defendant at his apartment in New York when he let her stay overnight after being introduced to her through recent acquaintances.  Dkt. No. 7 ¶¶ 1–10; *see Rapp*, 537 F. Supp. 3d at 528 ("Allegations of sexual assault are 'paradigmatic example[s]' of highly sensitive and personal claims" (quoting *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006))).  "However, allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym."  *Id.* (quoting *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 405 (S.D.N.Y. 2019)); *see Doe v. Combs*, 2024 WL 4635309, at *2 (S.D.N.Y. Oct. 30, 2024), *reconsideration denied,* 2024 WL 4753565 (S.D.N.Y. Nov. 12, 2024); *Doe 1 v. Branca USA, Inc.,* 2022 WL 2713543, at *2 (S.D.N.Y. July 13, 2022) ("A claim by an adult plaintiff to have been the victim of sexual abuse and to have suffered physical or psychological damage as a result, accompanied by sufficient facts to support that claim, is not enough to entitle a plaintiff to proceed anonymously.  Were it otherwise, virtually all claims of adult sexual assaults would ipso facto proceed anonymously.").

The second and third factors concern whether Plaintiff would suffer harm if his identity were disclosed.  These factors do not favor allowing Plaintiff to proceed anonymously.  "Courts in this District have held that speculative claims of physical or mental harms are insufficient to bolster a request for anonymity."  *Skyline Automobiles*, 375 F. Supp. 3d at 406.  Rather, "[o]vercoming the presumption of openness requires particularized evidence that disclosure will cause injury."  *Combs*, 2025 WL 268515, at *3.  Plaintiff avers that he suffers "tangible lifelong medical injuries," including an "autoimmune condition" that he contracted as a direct result of the stress of the sexual assault, as well as "ongoing PTSD, depression and frequent panic attacks associated with the sexual assault, mental abuse, violence, constant fear of violence and fear of retaliation," and that "[t]hese medical conditions are exacerbated under stress and would likely

flare up if my name was available in public records associated with this case." Dkt. No. 20-1 at ECF 2. He also alleges in general terms a fear of reprisal stemming from Defendant's and her associates' "weaponiz[ation of] the New York Police Department and the New York County District Attorney's Office," *id.* at ECF 3, and Defendant's history of violence as evidenced by her criminal record, which Plaintiff has attached as an exhibit, *see id.* at ECF 4; Dkt. No. 20 at ECF 7–155. Plaintiff has not provided any evidence of the specific medical consequences he alleges, nor of their causal link to the alleged sexual assault. His allegations of a fear of reprisal are conclusory, vague, and appear unfounded, given that nothing in the record suggests that Defendant has threatened him or even been in contact with him in the last several decades. *Compare Combs*, 2025 WL 722790, at *2 (noting that defendant had threatened victim with "disappearance" if she told anyone of her rape but concluding that this threat lacked significant weight because there was no evidence of a threat in the succeeding three decades).

As to the fourth factor, "courts have been readier to protect the privacy interest of minors in legal proceedings than of adults." *Doe v. Solera Cap. LLC*, 2019 WL 1437520, at *6 (S.D.N.Y. Mar. 31, 2019). Plaintiff is an adult and apparently was an adult at the time of the alleged assault. The fourth factor favors Defendant. *Branca USA*, 2022 WL 2713543, at *4.

The fifth *Sealed Plaintiff* factor concerns whether the suit challenges the actions of the government or that of private parties. "When a lawsuit challenges governmental actions, actors, or policies, the plaintiff has a strong interest in proceeding anonymously." *Solera Cap.*, 2019 WL 1437520, at *6. And, at the same time, the government has a diminished interest in the public disclosure of the name of the plaintiff because "governmental bodies do not share the concerns about 'reputation' that private persons have when they are publicly charged with

wrongdoing." *Free Speech v. Reno*, 1999 WL 47310, at *2 (S.D.N.Y. Feb. 1, 1999).  As Plaintiff here challenges purely private actors, this factor also favors Defendant.

The sixth factor asks whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously.  In examining the sixth factor, "courts look at the damage to a defendant's reputation caused by the anonymous proceeding, the difficulties in discovery, as well as at the fundamental fairness of proceeding in this manner."  *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 112 (E.D.N.Y. 2003).  If Plaintiff's name is kept from the public, information about only one side may thus come to light.  In particular, "persons with information about [Plaintiff] or [his] allegations that would be helpful to the defense but were unknown to the defendant might not come forward."  *Branca USA*, 2022 WL 2713543, at *2.  "This asymmetry between the parties not only would prejudice [Defendant], but would hinder 'the judicial interest in accurate fact-finding and fair adjudication.'"  *Combs*, 2024 WL 4635309, at *5 (quoting *Rapp*, 537 F. Supp. 3d at 531); *compare Doe v. N.Y.C. Hous. Auth.*, 2022 WL 2072570, at *2 (S.D.N.Y. June 9, 2022) ("The defendants know the plaintiff's identity, and there is no need for that identity to be publicized for the defendants to take discovery and defend this case.").

"The seventh *Sealed Plaintiff* factor is whether the plaintiff's identity has thus far been kept confidential.  If confidentiality has not been maintained, courts typically reject a motion to proceed under a pseudonym."  *Doe v. Combs*, 2024 WL 4635309, at *5.  There is no evidence that Plaintiff has spoken publicly about the incidents that underlie the causes of action in his complaint.  Dkt. No. 10 at 7.  This factor favors Plaintiff.

The eighth favor—the public interest—weighs in favor of Defendant, albeit slightly.  The eighth factor—"whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity,"—asks whether disclosure of the plaintiff's name would

enhance the public's understanding of the proceedings and the nature of the dispute. *Sealed Plaintiff*, 537 F.3d at 190.[1] "Where, as here, the case turns on the credibility of parties who may be the only witnesses to a contested event, 'the public has a significant interest in open judicial proceedings and the public's interest in the litigation is furthered by transparency, including exposure of the parties' identities.'" *Doe v. Alexander*, 2025 WL 1126617, at *4 (S.D.N.Y. Apr. 16, 2025) (quoting *Alexander*, 2025 WL 784913, at *5).

The ninth and tenth factors favor Defendant. This is not a case in which "because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities," and there do exist "alternative mechanisms for protecting the confidentiality of the plaintiff." *Sealed Plaintiff*, 537 F.3d at 190. A protective order may "protect against disclosure of that information of the most personal and intimate nature." *Branca USA*, 2022 WL 2713543, at *4.

Plaintiff seeks anonymity on the basis that he was allegedly a victim of a grave sexual assault and that revealing the assault publicly would cause emotional and physical harm. That is not enough to overcome the presumption against anonymity.

---

[1] *Sealed Plaintiff* draws this factor from *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). In explaining the factor, *Advanced Textile* cites in turn to *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981), for the proposition that party anonymity should not "obstruct the public's view of the issues joined or the court's performance in resolving them." *Id.* Therefore, "the interest accounted for by the factor is specifically the public interest in observing the courts and ensuring the effective administration of justice." *Alexander*, 2025 WL 1126617, at *4 n.3.

The motion to proceed anonymously is DENIED.  Plaintiff shall file a complaint in his own name by May 14, 2025, or else show cause why the case should not be dismissed.

The Clerk of Court is respectfully directed to close Dkt. No. 20.

SO ORDERED.

Dated: April 21, 2025
       New York, New York

_____
            LEWIS J. LIMAN
       United States District Judge