```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                    :
JOHN DOE,                                                           :
                                                                    :
                        Plaintiff,                                  :
                                                                    :           23-cv-10362 (LJL)
        -v-                                                         :
                                                                    :         MEMORANDUM AND
LINDSAY COOK,                                                       :              ORDER
                                                                    :
                        Defendant.                                  :
-------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/21/2025

LEWIS J. LIMAN, United States District Judge:

      Plaintiff John Doe ("Plaintiff") has sued Lindsay Cook ("Defendant") under the New York Adult Survivors Act, C.P.L.R. 214-j, alleging a sexual assault which occurred in January 2002. Dkt. No. 7. Plaintiff has filed several documents under seal. *See* Dkt. Nos. 1, 5, 8, 20, 30.

      There is a presumption of public access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); *Brown v. Maxwell*, 929 F.3d 41, 47–48 (2d Cir. 2019). A judicial document is a document "relevant to the performance of the judicial function and useful in the judicial process." *Brown*, 929 F.3d at 49 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). If a document is determined to be a judicial document, then the Court must assess the "weight of the presumption" of public access against any "countervailing interests." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). This Court's Individual Practices in Civil Cases set out the procedures that parties must follow in order to file documents under seal, and the standards that the Court will use to assess the merits of such requests to seal.

      Plaintiff has until May 21, 2025 to properly move for sealing with respect to the above enumerated documents. In the absence of a timely-filed motion, the Court will direct the Clerk of Court to unseal the previously-sealed documents. The parties are directed to follow the Court's Individual Practices in Civil Cases with respect to any future requests to file documents under seal.

SO ORDERED.

Dated: April 21, 2025
      New York, New York

                                                            LEWIS J. LIMAN
                                                           United States District Judge