```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/19/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOHN DOE,

                Plaintiff,

    -v-

LINDSAY COOK,

                Defendant.
------------------------------------------------------------------X

23-cv-10362 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

      Plaintiff John Doe ("Plaintiff") moves for reconsideration of this Court's April 21, 2025, Order, at Dkt. No. 32, denying his request to proceed pseudonymously (the "Order"). *See* Dkt. No. 38, 40. For the reasons that follow, Plaintiff's motion for reconsideration is denied.

      "A motion for reconsideration should be granted only if the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Spin Master Ltd. v. 158*, 2020 WL 5350541, at *1 (S.D.N.Y. Sept. 4, 2020) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)). Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted). It is not a "vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). "The standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be denied

unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the Court.'" *Justice v. City of New York*, 2015 WL 4523154, at *1 (E.D.N.Y. July 27, 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

The Court's April 21, 2025, Order denied Plaintiff's request to proceed anonymously only after carefully applying and balancing the factors set forth in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–89 (2d Cir. 2008). The Court directed Plaintiff to file a complaint identifying himself by his own name by May 14, 2025, or else show cause why his complaint should not be dismissed. Dkt. No. 32 at 7. Plaintiff has not identified any controlling decision or data that the Court overlooked in the Order denying his request to proceed under pseudonym.

Plaintiff cites the Fourth Circuit's decision in *Doe v. Sidar*, 93 F.4th 241 (4th Cir. 2024), describing it as "controlling" and "directly on point." Dkt. No. 38 at ECF 3. However, *Doe v. Sidar* is an out-of-circuit decision and therefore cannot be controlling on this Court. Indeed, the 10-factor test announced by the Second Circuit in *Sealed Plaintiff* differs from the five-factor test in the Fourth Circuit. *Compare Sealed Plaintiff*, 537 F.3d at 190 *with Sidar*, 93 F.4th at 247. Nor would *Sidar* point to a different result even if it were binding here. In *Sidar*, the Fourth Circuit held that the district court erred in concluding that fairness considerations required a party to proceed by its proper name when, in that case, the court had already found defendant liable for sexual assault and the only issue that remained for the jury was damages. 93 F.4th at 249. Because the defendant had already been found liable, there was no risk that his "reputation w[ould] be damaged by false accusations of wrongdoing" and because the jury would only hear questions of damages, there was no risk that permitting one side alone to proceed anonymously

would convey a false impression about the court's view of the merits of the plaintiff's claim. *Id.* In this case, by contrast, Defendant has not defaulted and liability has not been determined.

In both his initial memorandum in support of his motion for reconsideration at Dkt. No. 38 and his supplemental memorandum in support at Dkt. No. 40, Plaintiff emphasizes the risk of retaliatory harm, pointing to Defendant's alleged "decades-long pattern of violence, instability, and disregard for legal process." Dkt. No. 38 at ECF 5; Dkt. No. 40 at ECF 2–5. However, Plaintiff does not explain how he would be at greater risk of harm as a result of public disclosure of his name than he already is by virtue of having filed this lawsuit. *Compare Doe v. New York City Housing Auth.*, 2022 WL 2072570, at *1 (S.D.N.Y. June 9, 2022) (holding that plaintiff can proceed anonymously when her name was not known to her assailants and "disclosure of her name in a public filing poses an incremental risk of physical and mental harm to her and to members of her family"). Defendant already knows Plaintiff's identity and his name. Doe and Cook allegedly knew each other at the time of the assault, both are proceeding pro se, and both appeared and knew one another at the initial conference on September 18, 2024. Plaintiff urges that "Defendant Cook's knowledge of plaintiff's identity and the age of the assault do not negate the need for anonymity and sealing," Dkt. No. 40 at ECF 5, but he does not explain how the threat that Cook ostensibly poses to him would be mitigated by allowing him to continue under pseudonym, thus depriving the public of the knowledge of the identity of the person who is using the courts. He offers only generalized harm that he would suffer from disclosure to the public of his identity, which this Court has already considered and weighed as insufficient against the other *Sealed Plaintiff* factors in the Order.

Finally, Plaintiff urges that the Court overlooked the importance of the Assistant District Attorney George Vomvolakis's involvement in the 2002 investigation allegedly stemming from

3

Plaintiff's assault. *See* Dkt. No. 38 at ECF 3, 4, 5; Dkt. No. 40 at ECF 6–7 (citing Defendant's statement in the initial pretrial conference that "George Vomvolakis, who was the ADA in Manhattan, I went and spoke with him with my mother, and he came and searched my house," Dkt. No. 18 at 3:6–3:8). Plaintiff argues that the involvement of a government actor should have altered the Court's analysis under fifth *Sealed Plaintiff* factor in the Plaintiff's favor. Plaintiff argues that "[t]he potential for state power to have been misused at Defendant Cook's behest against Plaintiff heightens the risk profile significantly beyond a purely private dispute and raises serious constitutional privacy implications." Dkt. No. 40 at 7. However, Plaintiff misconstrues the fifth *Sealed Plaintiff* factor, which concerns whether the suit challenges the actions of the government or that of private parties. As the Court already noted when considering the fifth factor, "[w]hen a lawsuit challenges governmental actions, actors, or policies, the plaintiff has a strong interest in proceeding anonymously." *Doe v. Solera Cap. LLC*, 2019 WL 1437520, at *6 (S.D.N.Y. Mar. 31, 2019). The government has a correspondingly "diminished interest in the public disclosure of the name of the plaintiff because 'governmental bodies do not share the concerns about "reputation" that private persons have when they are publicly charged with wrongdoing.'" *Doe v. Alexander*, 2025 WL 1126617, at *3 (S.D,N.Y. Apr. 16, 2025) (quoting *Free Speech v. Reno*, 1999 WL 47310, at *2 (S.D.N.Y. Feb. 1, 1999)). Plaintiff's suit does not challenge a governmental action—neither ADA George Vomvolakis nor the Manhattan District Attorney's Office are named as parties in this suit. And Cook, unlike a governmental entity, has an undiminished interest in her reputation. Though Plaintiff claims that "[t]his critical aspect was not, and could not have been, fully before the Court when ECF No. 32 was issued," Dkt. No. 40 at 7, he does not explain why he could not have made this point sooner, as the initial pretrial conference occurred in September 2024 and his motion to proceed under pseudonym was filed in

October 2024, *see* Dkt. No. 20.  Nor does he in any way substantiate a threat that ADA Vomvolakis would pose to him in the present, or even any wrongdoing by ADA Vomvolakis at the time of the alleged assault.

Plaintiff attaches various exhibits in support of his motion for reconsideration, but none alter the Court's analysis, nor does Plaintiff show that any were unavailable to him at the time of his motion to proceed under pseudonym.  In sum, Plaintiff has offered no evidence that could not have been before the Court at the time of his motion to proceed under pseudonym, nor any change in controlling law that would alter the Court's analysis under the controlling law of the Second Circuit.  Even if Plaintiff had submitted all of the evidence he now submits, it would not have changed the Court's conclusion.

Plaintiff's motion for reconsideration is DENIED.  Plaintiff shall file a complaint in his own name by June 16, 2025, or this case will be dismissed for failure to comply with the April 21 Order, with this Order, and with Rule 8 of the Federal Rules of Civil Procedure.  The Clerk of Court is respectfully directed to close Dkt. No. 38.

SO ORDERED.

Dated: May 19, 2025  
      New York, New York                  _____  
                                                      LEWIS J. LIMAN  
                                                  United States District Judge